UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PASQUALE STABILE,

Plaintiff,

v. CASE No. 8:07-CV-1535-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

---

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* The claim was denied on the ground that the plaintiff was engaged in substantial gainful activity. Because there is substantial evidence to support the conclusion that the plaintiff's work constituted substantial gainful activity, the decision of the Commissioner of Social Security shall be affirmed.

I.

The plaintiff, who was fifty-five years old at the time of the administrative hearing, has worked as a salesman and a laborer (Tr. 51, 333,

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

341). In addition, he started a pool supply and maintenance business (Tr. 331). On July 26, 1999, he filed a claim for Social Security disability benefits, alleging that he became disabled on January 1, 1999, due to left knee and heart problems (Tr. 38, 50). The claim was denied initially. However, upon reconsideration, his claim was approved in November 2000 with a revised onset date of July 1, 1999. The plaintiff's case was reopened, however, after a telephone call informed the Social Security Administration that the plaintiff was operating his pool business. Following an inquiry, the plaintiff's benefits were denied.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had engaged in substantial gainful activity and that there has been no continuous twelve-month period during which the plaintiff was not engaging in substantial gainful activity (Tr. 17). Based upon these findings, the law judge ruled that the plaintiff was not disabled through his date last insured, December 31, 2004 (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). Under the sequential analysis established by the regulations, a claimant will be found not disabled if he is engaging in substantial gainful activity. 20 C.F.R. 404.1520(a)(4)(i). In this case, moreover, the plaintiff must show that he became disabled before his insured status expired on December 31, 2004. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff, as indicated, filed an application for benefits in July 1999, alleging that he became disabled in January of that year. The plaintiff's claim was approved in November 2000, with a revised onset date of July 1, 1999.

An investigation was initiated, however, after a fraud tip was received in August 2003 from a man who, although seeking to remain anonymous, apparently stated that he was the father of the plaintiff's former daughter-in-law (Tr. 267). The report stated that "[the plaintiff and his wife] turned in the caller for doing the same thing. He is calling in retaliation" (id.). The caller claimed that the plaintiff and his wife have been working "6 and 7 days a week refurnishing pools [and] installing pool screens" (id.).

If an individual is self-employed, he will be considered to have engaged in substantial gainful activity if he renders services that are significant to the operation of the business and receives a substantial income

from the business. 20 C.F.R. 404.1575(a)(2)(i). If the business involves the services of more than one person, the individual is considered to be rendering significant services if he contributes more than half the total time required for the management of the business, or he renders management services for more than 45 hours per month. 20 C.F.R. 404.1575(b)(1). Disbelieving the plaintiff's attempt to minimize his participation in the business and his denial of receiving income from the business, the law judge found that the plaintiff rendered significant services to the business and received substantial income from it (Tr. 17).

The plaintiff began a pool supplies and maintenance company called Splish Splash Pools, Inc., in 1998 (Tr. 270). He testified that, in that year, he "gave" it to his son, Christopher Stabile, and step-father, Salvatore Concenza (Tr. 345). Inexplicably, he also testified that, in 2002, he gave the store to his father and his daughter (id.). A second store was subsequently opened and was operated for about six months (Tr. 336-37).

The plaintiff testified that he spent about ten hours per week at the store (Tr. 347). His son testified that the plaintiff spent about 20 to 30 hours per month at the business without pay (Tr. 369). There was, in addition,

information from the informant who advised the Social Security Administration in August 2003 that the plaintiff was working at the store six and seven days per week (Tr. 267).

The law judge summarized the plaintiff's testimony about his role in the operation as follows (Tr. 15):

> He stated that he taught the business to his son. He states that he would go to the business, read the paper, and drink coffee, but would not actively participate. He stated he spent a few hours a day and about ten hours a week teaching the business to his family. He added that he occasionally assisted his son and would advise him as to the business practices. The claimant stated that he spent 50% of his time at the business giving advice and helping customers versus reading and drinking coffee. He stated he did not enter into contracts.

The law judge, however, pointed to evidence which contradicts the plaintiff's testimony. Thus, the law judge noted (Tr. 16):

> While the claim was pending at the lower levels, several customers of Splish Splash Pools were contacted and indicated that the claimant helped with troubleshooting different problems, replaced pool motors and sand pumps, set tile, and re-marcited pools (Exhibit 42). One of the claimant's physicians noted that the claimant repaired his pool.

The law judge also stated that, "in a Self-Employment/Corporate Officer Questionnaire dated September 2003, the claimant stated that he 'gave up' the business in 1998, but continued to work on a part-time basis for 16 hours a week (Exhibit 39). This equates to approximately 64 hours a month, well over the 45 hour 'limit'" (Tr. 16). The plaintiff argues that the law judge misquoted his statement in the Self-Employment/Corporate Officer Questionnaire, because the document actually states "16 hours weekly sometimes" (Doc. 22, p. 9). This difference is not significant, however. The law judge did not make a finding that the plaintiff actually worked 16 hours per week at the store. In other words, the law judge was not accepting as a fact an assertion that the plaintiff worked no more than 16 hours per week, or that he only did that "sometimes." Rather, the law judge was simply pointing out that, if the plaintiff's assertion of 16 hours per week were accepted, it would constitute significant service to the operation of the business.

The law judge was not in a position to find with any reliability the amount of time the plaintiff devoted to the business. He had before him three different statements of the time spent, two by the plaintiff (16 hours per week sometimes, and 10 hours per week) and one by his son (20 to 30 hours

per month). Moreover, the law judge, with ample basis, thought that none of these statements was credible (Tr. 17).

Accordingly, the law judge simply found that "the evidence indicates that the claimant spends a substantial amount of time at the business and has rendered services that are significant to the operation of the business including working on pools, making business decisions, and providing significant amounts of business advice" (id.). This finding is supported by the information received from the informant, which itself was corroborated by contacts with plaintiff's customers.

Moreover, as the Commissioner correctly points out (Doc. 23, p. 6), it was not the Commissioner's burden to prove that the plaintiff was providing significant services to the operation of the business, but rather, it was the plaintiff's burden to prove that he was not. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). The only evidence the plaintiff adduced on that issue came from the plaintiff and his son, and the law judge reasonably rejected that evidence as not credible (Tr. 17). Notably, during the administrative processing, the plaintiff in August 2003 told the Social Security Administration that he was going to put together information from 1998 to the

present with regard to hours worked and type of work done (Tr. 271). The record does not indicate that the plaintiff submitted such a presentation. In other words, the plaintiff has failed to carry his burden of demonstrating that he did not provide significant service to the operation of the business.

As explained, the second aspect of the test for substantial gainful activity by a self-employed individual is whether the individual is receiving substantial income from the business. 20 C.F.R. 404.1575(a)(2)(i). The law judge concluded that the plaintiff received sufficient monies for his services to be considered gainful employment (Tr. 17). As support, the law judge stated (Tr. 16-17):

> With regard to business monies, the evidence indicates that the claimant has signature authority to make withdrawals from the business bank accounts. The claimant admitted that he had a debit card for Splish Splash Pools, but stated that he used it only in emergencies. He also stated that he signed checks "a few times" when his father could not sign. The claimant's son reported that his father had a check card and he purchased things for the business with the check card when he asked him to do so. He stated that his father borrowed money from him, his grandfather, and his sister, but stated that the money did not come from the business.
>
> With regard to income, it was noted that the claimant had numerous large deposits in his

> personal bank account that were not associated with Social Security payments (see Exhibits 35, 36). He testified that he received money from the Social Security Administration for him and his wife, as well as money from family members to help out with the bills. He stated that he did not receive money for anything he did for the business, but his father, who worked for the company, would give the claimant money if he needed it.

The record contained the plaintiff's bank statements for three months in mid-2003. Disregarding Social Security payments, and three payments of $1,300, which the plaintiff said came from a prior employer, the statements reflect an unexplained deposit of $3,433.24 on June 30, 2003 (Tr. 235), as well as unexplained deposits of $170 (May 21, 2003) (Tr. 240), $150 (June 17, 2003) (Tr. 241), and $450 (May 14, 2003) (Tr. 246).

Moreover, the plaintiff and his son acknowledged that the plaintiff received money from family members who were involved in the business when he needed it, but asserted that the money was not from the business. Not only does that assertion seem implausible on its face, but the evidence demonstrates that it is not credible.

In the first place, at the time the unexplained deposit of $3,433.24 was made, the plaintiff's bank account was above $18,000 (Tr. 234). Obviously, that circumstance negates any claim of need.

Furthermore, the plaintiff testified he borrowed as much as $1,000 from his father (Tr. 360). Such a loan was made when the father was working part-time for Publix as a bag boy (id.). Showing skepticism for a gift of $1,000 under those circumstances, the law judge pressed the plaintiff on that point (id.). The plaintiff then stated, "I think maybe he probably takes money out of the, who knows, out of the business to give to me. I'm not sure" (Tr. 360-61). The law judge could reasonably conclude that that is exactly what happens, and that the plaintiff knows it.

The evidence therefore supports the conclusion that the plaintiff received substantial income from the business. In all events, the plaintiff clearly did not carry his burden to show that he did not.

The plaintiff argues that there is no evidence that between July 2003 and December 31, 2004, the date the plaintiff was last insured, the plaintiff continued to engage in substantial gainful activity (Doc. 22, pp. 9-10). Aside from the fact that the plaintiff's reference to July 2003 is not

accurate (see Tr. 267), the plaintiff testified that his work at the store was "about the same" from 1999 through 2006 (Tr. 341). This is plainly an adequate basis for the law judge to find that the plaintiff's substantial gainful activity continued until December 31, 2004.

In sum, the law judge's finding that the plaintiff was engaged in substantial gainful activity is supported by substantial evidence. The plaintiff has not come forward with credible evidence to compel a contrary conclusion.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 27th day of November, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE